IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| STOLTHAVEN HOUSTON, INC., <br> Plaintiff <br> <br> VS. <br> <br> M/V BOW ARCHITECT, its engines, tackle, apparel, etc., *in rem,* and <br> TAIHEI KAIUN/FRIEND SHINE SHPG. and IINO MARINE SERVICE CO. LTD., <br> *in personam,* <br> Defendants | § § § § § § § § § § § § | C.A. NO. _____ <br> (ADMIRALTY) |

## PLAINTIFF'S ORIGINAL VERIFIED COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Stolthaven Houston, Inc., Plaintiff and files this Original Verified Complaint against the M/V BOW ARCHITECT, *in rem,* and Taihei Kaiun/Friend Shine Shpg. and Iino Marine Service Co. Ltd, *in personam,* in a cause of maritime tort due to an allision within the admiralty and maritime jurisdiction of this Honorable Court and within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, and, based upon information and belief, would respectfully show as follows:

### I. JURISDICTION AND VENUE

1.  This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1333. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure as hereinafter more fully appears.

2. Venue is proper in the Southern District of Texas, Houston Division, as the facts given rise to this matter arose in the District.

## II. PARTIES

3. Stolthaven Houston, Inc. ("Plaintiff") is a business entity duly organized and existing by virtue of law with their principal place of business in Houston, Texas.

4. The M/V BOW ARCHITECT was and now is a merchant vessel owned, operated, managed, beneficially owned, and/or chartered by Taihei Kaiun/Friend Shine Shpg. and/or Iino Marine Service Co. Ltd.

5. Defendant Taihei Kaiun/Friend Shine Shpg. (hereinafter referred to as "Taihei") was and is now a foreign corporation, or similar entity, with power to sue and be sued, which is not authorized to do business in the state of Texas, but is doing so by committing a tort in whole or in part in the state of Texas. Taihei cannot be found within the District and has no office, officers, directors, or registered agents within the District on whom service may be made, and thus may be served through the Secretary of State of Texas under the Texas Long-Arm Statute, Tex. Civ. Prac. & Rem. Code § 17.044, et. seq., in care of its home offices at Taihei Kaiun/Friend Shine Shpg., 38-01, Millenia Tower, 1, Temasek Avenue, Singapore, 039192.

6. Defendant Iino Marine Service Co. Ltd (hereinafter referred to as "Iino") was and is now a foreign corporation, or similar entity, with power to sue and be sued, which is not authorized to do business in the state of Texas, but is doing so by committing a tort in whole or in part in the state of Texas. Iino cannot be found within the District and has no office, officers, directors, or registered agents within the District on whom service may be made, and thus may be served through F.R.C.P. 4(k)2, or through the Secretary of State of Texas under the Texas Long-Arm Statute, Tex.

Civ. Prac. & Rem. Code § 17.044, et. seq., in care of its home offices at Iino Marine Service Co. Ltd, Shiba-Daimon Front Building, 1-7-13, Shiba-Kouen, Minato-Ku, Tokyo, Japan, 105-0011.

### III.  FACTS AND CLAIM

7.  Plaintiff's own and operate three docks and a terminal facility at Jacinto Port in Houston, Texas. On July 25, 2008, the M/V BOW ARCHITECT, an oceangoing chemical carrier owned and operated by Defendants, arrived at Jacinto Port intending to berth at Plaintiff's dock #3 with the assistance of two tug boats.

8.  Upon its approach for docking, the M/V BOW ARCHITECT came in at an angle and missed the main dock fender panel, ultimately striking a mooring dolphin and a section of the pipe rack on dock #3 at Plaintiff's terminal, causing extensive damage to both the mooring dolphin and pipe rack.

9.  The M/V BOW ARCHITECT was unseaworthy and the Defendants were negligent in the following manner, including, but not limited to:

   1) Failure to properly maneuver;
   2) Failure to maintain a proper watch;
   3) Failure to maintain a proper speed;
   4) Failure to avoid a collision; and,
   5) Other action or inactions which may become known during the pendency of this action.

10.  The reasonable cost of repairs and loss of use as can presently be determined, is $450,000.00 (Four-hundred fifty-thousand dollars and 00/100's), plus interest and costs.

11.  Plaintiff has made demand for payment upon the Defendants, yet none of the amounts due and owing have been paid.

## IV. DEMAND AND JUDGMENT

WHEREFORE, PREMISES CONSIDERED, Stolthaven Houston, Inc., respectfully demands judgment and prays as follows:

1. That this Court enter judgment against the M/V BOW ARCHITECT, *in rem,* Taihei Kaiun/Friend Shine Shpg. and/or Iino Marine Service Co. Ltd., in favor of Plaintiff in the amount of at least $450,000.00, plus interest, attorney's fees, costs of Court, as well as other damages which may be discovered on subsequent inspection;

2. That judgment be entered against Defendants for any other relief to which Plaintiff may be justly entitled at law and in equity.

Respectfully submitted,

_____
William A. Durham
State Bar No. 06281800
S.D.TX. Adm. ID No. 4172
20th Floor, Niels Esperson Building
808 Travis
Houston, TX  77002
(713) 225-0905 – Telephone
(713) 225-2907 – Telefax

*Attorney for Plaintiff,*
*Stolthaven Houston, Inc.*

OF COUNSEL:

EASTHAM, WATSON, DALE & FORNEY, L.L.P.

STATE OF TEXAS            §
                          §
COUNTY OF HARRIS          §

## VERIFICATION

BEFORE ME, the undersigned authority, on this day personally appeared William A. Durham, who is known to me to be a credible person of lawful age and whose name is subscribed hereto, and who, upon being duly sworn by me, deposed and stated the following:

1.  "My name is William A. Durham. I am a member of Eastham, Watson, Dale & Forney, L.L.P. and I am authorized to make this verification on behalf of Stolthaven Houston, Inc., as their attorney."

2.  "I have read the foregoing pleading entitled Plaintiff's Original Verified Complaint and styled *Stolthaven Houston, Inc. vs. M/V BOW ARCHITECT, its engines, tackle, apparel, etc., in rem, et al.*, which is to be filed in the United States District Court for the Southern District of Texas – Houston Division, and the facts stated in said pleading are true and correct based upon my personal knowledge or best information and belief."

3.  "The sources of my information and the grounds for my belief as to all matters stated in Plaintiff's Original Verified Complaint are documents of and communications with said corporation and/or its employees."

Further Affiant sayeth not.

Signature: _____
William A. Durham

SUBSCRIBED AND SWORN to me this __29TH__ day of April, 2010.

_____
Notary Public

My Commission Expires: __12-22-12__

JANET G HERBERT
NOTARY PUBLIC, STATE OF TEXAS
MY COMMISSION EXPIRES
DEC. 22, 2012

21,397: 0PSMY4244.WAD